All right, our fifth case for this morning is Kuberski v. REV Recreational Group, and we have with us Ms. Wells and Mr. Sullivan. So, Ms. Wells, you may proceed. Thank you, Your Honor. My name is Elizabeth Wells, and I represent the appellant, Joseph Kuberski, in this case. And so our argument is pretty basic. The doctrine of substantial performance applies to contract claims in North Carolina. Breach of express warranty claims are analyzed under contract principles and theories in North Carolina. Thus, the doctrine of substantial performance applies to claims for breach of express written warranty under North Carolina law and the claims in this case. So my question for you, Ms. Wells, is why does that all help you? If I were to assume, as you argue, that North Carolina law treats breach of warranty claims as it does contract claims, and that substantial performance is enough, I'm still stuck looking at this paragraph in the warranty that states the manufacturer requires that the owner first provide it with direct written notification and so on, and it says it enables the manufacturer to supplement prior efforts by its authorized dealers. So what Mr. Kuberski does by canceling that appointment to return the RV to the manufacturer is it totally deprives the manufacturer of two essential pieces of information that this warranty is supposed to give it. Number one, you know, what really was wrong? How are our products holding up? You know, this one certainly sounds like a disaster from what you've put in the record, but the manufacturer has a strong interest in monitoring its own work product. And it secondly deprives the manufacturer of the ability to know how well its authorized dealer network are handling these problems. And I don't see substantial compliance at all with respect to this paragraph. It seems that the manufacturer is left with nothing. Thank you, Your Honor. So the way that I read this is that under that paragraph, the requirement on the consumer is to provide the manufacturer with direct written notification of any alleged unrepaired defect or any other dissatisfaction experience. So I read the requirement- And then there's the so clause, so the manufacturer has the opportunity to cure. I read the remainder- How did that, how was that accomplished by, in this case, when Mr. Kuberski doesn't give them the opportunity to cure the flawed efforts of the earlier authorized dealers? So I read the requirement as ending at with the motorhome and then the purpose, explaining the purpose of that requirement in the remainder. So the requirement would be to provide direct written notification, which Mr. Kuberski did on April 25th of 2015. And he provided them an opportunity to resolve the issue by taking the RV back or replacing it. And so the purpose I read in the warranty is that the manufacturer have an opportunity to resolve or address the problems or the dissatisfactions before a lawsuit is filed. So- Well, that's true, but Mr. Kuberski gives it, gives REV an ultimatum. He suggests only two ways in which this can be fixed, and he deprives the manufacturer of the opportunity to fix it. Now, he may be absolutely in good faith convinced that there's no way that can happen. And maybe the manufacturer would have taken one look at that RV and said, yep, you're right. You know, the only thing we can do is, you know, give you a new vehicle or refund your money or whatever. But that's the part that doesn't happen, which is why I find this substantial compliance discussion a little bit beside the point. Since it seems to me, even if you say there's a substantial compliance doctrine that applies in North Carolina law, he doesn't do it. So we believe that the purpose then would be to provide REV with an opportunity to resolve the dissatisfaction. Mr. Kuberski made a good faith attempt under the terms of the warranty by writing his letter. And in doing so, accomplished the essential purpose of the warranty by providing REV Recreation Group with the opportunity to resolve the dispute prior to the lawsuit being filed. But it was with the opportunity to replace it, not necessarily cure it. Well, the letter requested repurchase or replace, but it could have been an opportunity to fix it. Correct, but I don't believe that the warranty itself, it does not require the owner to provide a final repair attempt. There's other warranties in the business. For instance, Forest River has a warranty that says clearly that they're entitled to a final repair attempt. That doesn't say this here. It just instructs the consumer that they're required to provide direct written notification and then explains the reason. But what are you doing with this phrase? So the manufacturer had the opportunity to cure the problem or dissatisfaction itself. I mean, it seems like you're just deleting that. I think that REV did have the opportunity, but REV refused to resolve the matter in a way that was agreeable to both parties and then offered a factory repair. There was no evidence that REV said we're entitled to this factory repair under the warranty or anything like that. They offered a factory repair in response to the letter. So the claims in this case were for breach of express warranty under the North Carolina law and the Magnuson Moss Warranty Act. And based on some arguments made by the appellee and their brief, I just wanted to clarify that breach of express warranty and mag moss, they go hand in hand and the one rises and falls with the other because Magnuson Moss Warranty Act, it's a federal claim, but it applies the state law, which applies in the case. And both parties agree and the court applied North Carolina law in this case. So REV at trial made a new argument that Mr. Kowarski had failed to comply with the terms of the warranty by canceling the scheduled appointment at the factory on August 18th of 2015. So in response to that, the appellant did two things. First, we filed a supplemental instruction regarding the doctrine of substantial performance. And second, we filed, well, after the court issued its final jury instructions, we put on the record our objection to substantial compliance or substantial performance not being in the record. And with regards to jury instruction number 17, one of the elements, the first element required that the plaintiff comply with the terms of the warranty. And we asked the court to add substantial into that language. And we referred to the warranty as a contract. And I see that I only have two minutes left, so I'd like to reserve the remainder. That would be fine. Mr. Sullivan. Thank you, Your Honor. May it please the court, my name is Christian Sullivan. I represent REV Recreation Group and I am pleased for this opportunity to present REV's arguments this morning. Your Honor, this case is about the unique body of law known as breach of warranty and how it differs from common law contract. As the Supreme Court of Indiana exclaimed in 1956 case, the seller's warranty has been described as a curious hybrid of tort and contract which is unique in the law. And that uniqueness is the foundation of this appeal and of REV's argument. The narrow issue before the court is whether or not the trial court correctly refused to instruct the jury that Mr. Kuberski was only required to show that he substantially complied with the warranty in order to prevail. And so, Mr. Sullivan, there is always actually a secondary issue. I certainly recognize that the primary issue deals with whether the jury instructions lay within the boundaries that we ask. I mean, they don't have to be perfect, but they can't mislead the jury. You know, they've got to substantially present the point. But there's also the question, even if the judge should have added the word substantial to those jury instructions, whether any instructional error was harmless. We always have to ask, would an error be harmless? So I'd like you to keep that in mind. Yes, thank you, Your Honor. And in fact, that is exactly the point. Aside from the fact in this two-prong analysis that the plaintiff did not demonstrate either to the trial court or to this court on appeal that substantial performance is a recognized element for breach of warranty under the UCC and the Magnuson-Moss Act, the error is harmless because the court did not limit any arguments factually that the plaintiff could make at trial. I have two main points to make today in my argument this morning. The first is that the overwhelming body of authority in case law regarding breach of warranty and the elements required to sustain a claim for breach of warranty show that the trial court was correct in its instruction number 17 as to the elements for breach of warranty under the UCC and the Magnuson-Moss Act. And secondly, that the proposed instruction on substantial performance, not only is it not proper under the law, but had it been given, it actually would have increased the likelihood of confusion and therefore potentially result in erroneous reversible error. Briefly, on the standard of review, the Seventh Circuit in the United States v. Tavares has held that whether or not to give a particular jury instruction is reviewed for abuse of discretion. And in this case, we're talking about one supplemental instruction that counsel asserts that REV didn't raise until trial. In fact, opportunity to cure is one of the issues raised initially in our answer to the complaint going back to 2015. I remind the court this is not a case in which we prevailed upon summary judgment and the plaintiff did not have an opportunity to present her factual arguments. This was a case that went to trial. The court issued the instructions that, in our view, properly instructed the jury on the elements necessary for breach of warranty. And the plaintiff, through his counsel, had every opportunity to present the factual arguments. So let me ask you this, Mr. Sullivan. I can imagine that in some instances deprivation of the opportunity to cure might be a real problem. Maybe there's one part or something that a manufacturer could address. But if you look at Plaintiff's Exhibit 31, which is on page 11 of the separate appendix and goes on for a few pages, I mean, it just seems that this was beyond any capability of being fixed. So I wonder if you are arguing about something that's really a fiction, which may be the conclusion that Mr. Kuberski came to. Perhaps Mr. Kuberski came to that conclusion, but it would be erroneous. It is certainly not a fiction, Your Honor. I thank you for that question. The whole point, as Your Honor pointed out in the warranty itself, is to give REV, the manufacturer itself, the opportunity to cure. And the opportunity to cure is a recognized element under both the UCC and the Magnuson Moss Act. It seems that they would have had to start rebuilding it from scratch, though. I mean, honestly, if you look at that list. Your Honor, the point was this is a necessary element that the plaintiff is required to show. Under the law that's applicable to the Magnuson Moss Act throughout the country, which is exactly why the trial court's instructions were accurate and why our warranty specifically says that the plaintiff or the consumer must give, the purpose of this is to give the manufacturer itself the opportunity to correct any prior efforts by its dealers and resolve any ongoing problem with the vehicle. That simply wasn't given, as the plaintiff admits on page four of its brief. He canceled it and did not give this opportunity. But the narrow issue before the court is whether or not the court properly instructed the jury. And the overwhelming answer to that is yes, absolutely it did. The plaintiff argues in his brief that the court required strict compliance by not giving this supplemental instruction. The reality in looking at instruction number 17, it simply said that the plaintiff complied with the terms of the warranty. It didn't require strict compliance. It didn't require anything more than what, indeed, the plaintiff concedes in her reply brief. The proper elements for breach of warranty recognized in this district and those around the country, including North Carolina, that the plaintiff be minimal required to show compliance with the terms of the warranty, that the vehicle at issue contained a defect covered by the warranty, and that the defendant was given a reasonable opportunity to cure or repair any defect covered by the warranty that was not able to be repaired within a reasonable number of attempts in a reasonable period of time. The point being that the plaintiff's argument about substantial performance, yes, it does apply to contract cases, but the only case the plaintiff relied on to convince the trial court of this was this Gibson Contractors case, an unpublished opinion from North Carolina that dealt with the construction contract involving a church project in which nearly all of the project was completed and then the defendant refused to pay. And so the issue was, having nearly completed the entire construction contract, we should be entitled to money notwithstanding. In that situation, substantial performance would apply, but there is no case anywhere in the country that applies substantial performance to breach of warranty. The reason for that is the hybrid nature of warranty itself. The whole reason for the UCC and the Mangus and Moss Act and the body of law there is that unlike a regular performance contract, a construction contract, in a breach of warranty case specifically written into the law is this opportunity to cure. It's written right into 2-508 of the UCC in North Carolina and nearly all other states throughout the country. And also in the Mangus and Moss Act, Section 2310E, that specifically requires the opportunity to cure. Therefore, substantial performance is not an issue. That is proper for a jury instruction under the Mangus and Moss Act and the UCC. And the second point I would like to make is that had this instruction actually been given, it would have increased the likelihood of confusion because when you think about it, what they asked for in their substantial performance instruction was that the plaintiff be allowed to only show they had not literally complied with the contract's provisions but substantially complied and still be able to recover. If the converse was true. But the question is substantially applied, complied, sorry. Yes, right. With respect to what? Is substantial compliance taking the RV to the authorized dealers or does substantial compliance require some effort to give the manufacturer a chance to fix things? It requires absolutely an opportunity to give the manufacturer a chance under both the Mangus and Moss Act, the UCC, and the warranty itself. That's why it's specifically written in there. The irony is the converse would not be fair because if the plaintiff is only required to substantially comply, there's no way a court would hold that a defendant is only required to substantially comply with fixing the RV in order to defend against a claim under a breach of warranty. And for that reason, you cannot have a double standard. As this court even said in the Matthews versus RAB case from 2019, a plaintiff can't pick and choose which provisions to comply with and which ones to leave aside. I see that my time is up, Your Honor. Unless there's any questions, I would like to thank you for your time and respect the request that you affirm the decision of the trial court and the judgment. Thank you. Thank you. Anything further, Ms. Wells? You need to unmute. Thank you, Your Honor. Sorry. So just briefly, the question was that we weren't limited in our arguments at trial. That's certainly not the case. In closing, we weren't able to argue substantial compliance because that's not what the instructions said. The second point I wanted to make is that Appelli indicated that this was not a new argument because opportunity to cure was raised as a defense and referred to a defense in the answer, but I think there's a confusion a bit on reasonable opportunity under MAGMAS or the UCC and reasonable opportunity under the warranty and that argument wasn't made in the summary judgment motion. Additionally, Appelli indicated that there was not a case in the country that was holding consistent with our argument and as I noted in my reply brief in response to that argument, in the case of Hill v. Winnebago Industries, middle district case in Tennessee in 2018, the court held what we're asking, we asked this court to do, that substantial compliance or substantial performance applied in a breach of warranty in MAGMAS case involving an RV. And then the last thing I wanted to point out is that, well, Appelli indicated that MAGMAS requires a direct repair at the factory. There's no case law to support that and none has been cited. And then the final thing is that plaintiff was not required, Mr. Kaburski was not required to provide REV with a final repair opportunity. He was required to provide a direct written notice and the purpose was so that REV could have an opportunity to cure the problem or dissatisfaction before a lawsuit was filed if it so chose, and it did not. So as a result, we ask this court to reverse and remand and issue a new trial. Thank you, Your Honor. All right. Thank you very much. Thanks to both counsel. The court will take the case under advisement.